Curia, per
Harper, Ch.
In February 1835, Chancellor Johnston delivered a decree in this case, from part of which an appeal was taken and decided. There was another part of the decree, setting aside the- sale of certain slaves made by an executor, and directing a reference for an account of hire and profits, which was not appealed from. The report came before myself in January 1837, and was confirmed. No grounds of appeal from my decree are stated; but an appeal is now taken from that part of Chancellor Johnston’s decree, which was not appealed from in 1835, and the question is, whether -it can be allowed.
The argument in favor of it, is drawn from the case of Price, v. Nesbit, (1 Hill, Ch. Rep. 454,) from which it seems to be inferred, that an appeal may be taken at any time while any part of a cause remains in court; and though an appeal be taken and decided, yet upon any further steps being taken in the cause, a second appeal would lie upon the same matter.
I regret to see that the case of Price v. Nesbit has been so frequently misunderstood. It has nothing to do with the subject of appeal, which must be made according to the act of Assembly or the rule of Court. All that I understand from that case is, that while any part of a cause remains in Court, this Court will, upon a proper shewing, review its own decree, by a re-hearing. This is according to the well known English practice. But I am of opinion that to obtain a re-hearing, the English practice should be pursued throughout; that a petition should be filed, setting forth specifically the grounds of error, accompanied by the certificate of counsel, to be decided without argument. It is a great mistake to suppose that parties are at liberty, as of course and of right, again to stir a matter, which has been once adjudged, without the permission of the Court. This would be a source of endless confusion, embarrassment and uncertainty.
*29 I shall make some remarks on the subject of appeal. As observed by Chancellor Kent, in Burl v. Street, (9 John. 448,) it is admitted that there is a class of orders in Chancery which are not the subject of appeal. But there never has been any precise and definite line drawn between that class of orders which are, and that class which are not, the ground of appeal. He supposes the only proper subjects of appeal to be orders involving a decision on the merits of the controversy. But it is not every decision on the merits that is a final decree. If there be a decree to account, this is interlocutory. Upon the coming in of the report, and the con-confirmation of it, that is the final decree. In Travis v. Waters, (1 John. Ch.Rep. 85,) a conveyance was decreed of part of the lands, with respect to which specific performance was claimed, and a reference directed to ascertain the residue of thelands to be conveyed, and the balance of purchase money due. Upon the coming in of the report, a full performance was decreed, and this last alone was held to be the final decree. It is said (in 2 Howard’s Irish Chancery Practice, 96,) that an absolute or final order is such, as when once given, nothing more remains to be done. Though a party be at liberty, he is not bound to appeal from an interlocutory decree on the merits, but may wait for the final decree. Then, upon appeal from that, as laid down in the Methodist Church v. Jacques, (17 John. 548,) all interlocutory decisions, affecting the merits, are open for examination. I do not say that if there had been no appeal from Chancellor Johnston’s decree of 1835, it might not be now taken. But it has never been supposed, that there might be an appeal from one part of a decree, and then upon a further proceeding being had, another appeal from another part of the same decree. The evident tendency of this would be to the protracting of litigation and the increase of expense.
The appeal is therefore dismissed.